UNITED STATES DISTRICT COURT

DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No.: 2:21-MJ-90 |
| CODY AHONEN, ) | |
| Defendant ) | |

MOTION FOR DETENTION

The United States of America, by and through its attorney, Jonathan A. Ophardt, Acting United States Attorney for the District of Vermont, hereby moves for pretrial detention of the defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility for Detention</u>. The defendant is eligible for detention because the case involves a crime of violence and the possession of a firearm. *See* 18 U.S.C. §§ 3142(f)(1)(A), (f)(1)(E); *see also United States v. Rogers*, 371 F.3d 1225, 1228 (10th Cir. 2004) (relying on *United States v. Dillard*, 214 F.3d 88 (2d Cir. 2000) to conclude that possession of a firearm following a misdemeanor conviction of domestic violence is a crime of violence given the substantial risk resulting from the nature of the offense).

2. <u>Reason for Detention</u>. As the Court is aware from the Complaint Affidavit, Ahonen has been prohibited from possessing firearms since 2012, as a result of a domestic assault conviction. Despite that prohibition, Ahonen has a history of possessing firearms and some of that possession was in connection with drug trafficking. *See* Complaint Affidavit ¶¶ 4-5, 7. Ahonen was suspiciously shot in the stomach in August 2020, but he refused to discuss the details of that shooting with VSP. Complaint Affidavit ¶ 6. And, as recently as August 2021, Ahonen was in possession of firearm in a gun store in Belmont, Vermont, and was in the store attempting to

obtain additional firearms and ammunition. Complaint Affidavit ¶ 7.

In addition to this conduct, Ahonen has a troubling criminal history. Ahonen has four misdemeanor convictions but no felonies. However, two of those misdemeanor convictions were for violent offenses. The 2012 domestic assault involved Ahonen assaulting his then live-in girlfriend and mother of his child by slamming her head against a wall, hitting her with an open hand and kicking her after she fell. He was placed on probation but violated that probation in 2015 by committing another assault. This second offense—originally charged as an aggravated domestic assault but later pled down to reckless endangerment—involved Ahonen punching a family member in the face and firing two shotgun rounds in the direction of the family member. On this reckless endangerment conviction, Ahonen received another term of probation, which he violated in 2016 by driving under the influence. This history demonstrates that Ahonen is violent and not willing to abide by Court orders. It also is another indication that Ahonen has a pattern of illegal firearm possession.

Most troubling, however, is the incident on September 15, 2021 and the death of Brittany Bouthiette. During the investigation into her death, investigators recovered three firearms, including the firearm used in Brittany's death, hundreds of rounds of ammunition, several cell phones, a digital scale with white residue on it, over $13,000 in cash, crack cocaine, and a large distribution quantity of powder cocaine. During his interview with police, Ahonen admitted that two of the firearms belonged to him (including the gun used in Brittany's death) and he said he had been "shot before" and was not going to let someone shoot him again.

All of the factors in this case: the strength of the evidence, Ahonen's assaultive history, his failure to abide by Court orders, his history of illegal firearm possession, his current possession of firearms, and his involvement in drug trafficking (which appears corroborated by the drugs, currency, and scale found during a search of the car) weigh in favor of detention

pursuant to 18 U.S.C. § 3142(g). On these facts, Ahonen is both a risk of flight and danger to the community, and there are no conditions this Court could set which would reasonably address those risks.

    3.  <u>Rebuttable Presumption</u>.  The United States will not invoke the rebuttable presumption against the defendant under § 3142(e).

    4.  <u>Time for Detention Hearing</u>.  The United States requests that the Court conduct the detention hearing at the defendant's initial appearance.

Dated at Burlington, in the District of Vermont, this 22nd day of September, 2021.

                      Respectfully submitted,

                      UNITED STATES OF AMERICA

                      JONATHAN A. OPHARDT
                      Acting United States Attorney

By:    <u>/s/ WENDY L. FULLER</u>
        WENDY L. FULLER
        Assistant U.S. Attorney
        P.O. Box 570
        Burlington, VT 05402-0570
        (802) 951-6725
        Wendy.Fuller@usdoj.gov